1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. AUSTIN, | Case No. 1:22-cv-00252-DAD-SAB |
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT |
| v. | |
| STATE OF CALIFORNIA, et al., | (ECF No. 1) |
| Defendants. | THIRTY DAY DEADLINE |

Gregory A. Austin ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's complaint, filed on March 1, 2022.  (ECF No. 1.)[1]

## I.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners);

---

[1] Plaintiff's *in forma pauperis* application was initially denied on March 3, 2022, and a subsequent application was granted on April 8, 2022.  (ECF Nos. 3, 5.)

1   Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis
2   proceedings which seek monetary relief from immune defendants); Cato v. United States, 70
3   F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis
4   complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998)
5   (affirming sua sponte dismissal for failure to state a claim).  The Court exercises its discretion to
6   screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii)
7   fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a
8   defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

9        In determining whether a complaint fails to state a claim, the Court uses the same
10  pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a
11  short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R.
12  Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the
13  elements of a cause of action, supported by mere conclusory statements, do not suffice."
14  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
15  544, 555 (2007)).

16       In reviewing the pro se complaint, the Court is to liberally construe the pleadings and
17  accept as true all factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89,
18  94 (2007).  Although a court must accept as true all factual allegations contained in a complaint,
19  a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 556 U.S. at 678.  "[A]
20  complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops
21  short of the line between possibility and plausibility of entitlement to relief.'"  Id. (quoting
22  Twombly, 550 U.S. at 557).  Therefore, the complaint must contain sufficient factual content for
23  the court to draw the reasonable conclusion that the defendant is liable for the misconduct
24  alleged.  Iqbal, 556 U.S. at 678.

25                                     **II.**

26                       **COMPLAINT ALLEGATIONS**

27       The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of
28  the *sua sponte* screening requirement under 28 U.S.C. § 1915.

1    The caption page of Plaintiff's complaint is entitled "Petition re: Judicial Malpractice

2 Suit." (Compl. 1, ECF No. 1.)  The caption names the State of California and the United States

3 of America as primary Defendants, "as Represented by San Francisco Superior Court Divorce

4 Judges[;] Northern California Distr[i]ct Court Judge; 9th Circuit Court of Appeals Judges[;] Case

5 Review at SCOTUS."  Id.  However, the caption page also lists as respondents, the various

6 names of Supreme Court Justices (current, as well as retired), and presumably various names of

7 other judges.  (Id.)  The caption pages proffers that Plaintiff "hereby petitions for protection and

8 tort reparations in response to another illegal restraining order."  (Id.)

9    Plaintiff lists case numbers, proffering that such were appealed to the Supreme Court of

10 the United States.  (Id. at 2.)  The Court will now reproduce certain aspects of the complaint that

11 encompass the type of allegations and claims Plaintiff appears to be bringing:

> 12    Defendants have all played crucial roles in the reissue of yet
> 13    another illegal restraining order against me. This restraint is
>       supposedly an extension of other original illegal restraining order,
>       which had already served its term, plus one illegal extension.
> 14    Previous illegally issued restraining order and its harms against me
>       are described in earlier petitions, ad nauseam.
> 15
> 16    Attached please find copy of illegal issued "civil" restraining
>       order, based in unfounded *ex parte* allegations, devoid of due
> 17    process.  The antecedent restraint, ordered under what has been
>       called *de facto divorce*, was reviewed and dismissed with prejudice
> 18    by the federal defendants.  Therefore, the dangerous and ill effects
>       of today's restraining order – false imprisonment, rights alienation,
> 19    and so on – is a shared dereliction of duty, their corporate
>       culpability and fault.
>
> 20    I claim the malpractice of each co-conspiratorial member of the
>       judiciary with $1 mil worth of damages from each judge [footnote
> 21    omitted], plus additional reparation money ~~because these creeps~~
>       ~~deserve it~~, thereby totaling $45,000,000 payable in constitutional
> 22    tender for the crime of illegal enforcement under color of law, false
>       imprisonment, rights alienation, illegal gun confiscation, and
> 23    repeatedly ignoring my right to due process~~, and for being lowlife~~
>       ~~gangsters~~."
> 24

25 (Id. (strikethrough text in original).)  Plaintiff also states that "since this case was appealed to the

26 Ninth Circuit, those judges are also culpable for this same repeated outrage.  Lastly, SCOTUS

27 has also evidently reviewed this case, and also dismissed it with prejudice."  (Id. at 3.)

28    For the reasons discussed below, Plaintiff has failed to state a claim for a violation of his

1 federal rights.  Plaintiff shall be provided the opportunity to file an amended complaint to correct

2 the deficiencies at issue.

3 **III.**

4 **DISCUSSION**

5 **A.    Rule 8**

6        As set forth above, Rule 8(a) requires "a short and plain statement of the claim showing

7 that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint must contain

8 "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to

9 defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  Moreover,

10 Plaintiff must demonstrate that each named defendant personally participated in the deprivation

11 of his rights.  Iqbal, 556 U.S. at 676-77.  A court may dismiss a complaint for failure to comply

12 with Rule 8(a) if it is "verbose, confusing and conclusory."  Nevijel v. N. Coast Life Ins. Co.,

13 651 F.2d 671, 674 (9th Cir. 1981); Brosnahan v. Caliber Home Loans, Inc., 765 F. App'x 173,

14 174 (9th Cir. 2019).  Additionally, a court may dismiss a complaint for failure to comply with

15 Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely irrelevant."

16 McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

17        The Court finds that Plaintiff's complaint violates Rule 8(a).  Plaintiff's complaint is not

18 a short and plaint statement of his claims against specific named Defendants.  To the extent

19 Plaintiff is attempting to bring claims against individually named judges, the allegations are

20 confusing and unclear, making it difficult for the Court to determine what, if any, actions were

21 taken by the individually named Defendants.  Although the Federal Rules employ a flexible

22 pleading policy, Plaintiff must give fair notice to the Defendants and must allege facts that

23 support the elements of the claim plainly and succinctly.

24        The requirement of a clear and plain statement of Plaintiff's claims is especially

25 important in this case because this Court does not serve as an appellate court of state court

26 decisions.  If Plaintiff wishes to challenge a decision from a state court regarding divorce

27 proceedings, he must pursue the appropriate procedures in state court (which may be subject to

28 time limitations and other rules).

**B.     The <u>Rooker-Feldman</u> Doctrine**

Under the <u>Rooker-Feldman</u> doctrine, a party may not seek appellate review in federal court of a decision made by a state court.  <u>See</u> <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).  Typically, the <u>Rooker-Feldman</u> doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the losers' federal rights.  <u>Doe v. Mann</u>, 415 F.3d 1038, 1041-42 (9th Cir. 2005); <u>see</u> <u>also</u> <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005) (the <u>Rooker-Feldman</u> doctrine precludes a district court from appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced[.]").  Accordingly, the district court lacks jurisdiction over "claims . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling."  <u>Bianchi v. Rylaarsdam</u>, 334 F.3d 895, 898 (9th Cir. 2003) (citing <u>Feldman</u>, 460 U.S. at 483, 485); <u>see, e.g.</u>, <u>Moore v. County of Butte</u>, 547 Fed. Appx. 826, 829 (9th Cir. 2013) (finding a plaintiff's claims challenging the outcome of custody proceedings were properly dismissed); <u>Rucker v. County of Santa Clara, State of California</u>, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (finding the plaintiff's claims were "inextricably intertwined" with the state court's rulings where the plaintiff "challenge[d] his original child support order on jurisdictional grounds, dispute[d] his total child support arrearages, and allege[d] that Santa Clara County's garnishment order against his disability benefits payments is invalid"); <u>see also</u> <u>Ignacio v. Judges of U.S. Court of Appeals</u>, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming the district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [the plaintiff's] domestic [divorce] case").

To the extent Plaintiff is asking this Court to review orders issued by the state court in relation to his divorce proceedings, under the <u>Rooker-Feldman</u> doctrine, this Court lacks jurisdiction to review and reverse a state court's decision.  Accordingly, any claim seeking to

1    review or reverse the state court orders cannot proceed in this Court.

2    **C.    Judicial Immunity**

3    Absolute judicial immunity is afforded to judges for acts performed by the judge that

4    relate to the judicial process.   In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended

5    (Sept. 6, 2002).  "This immunity reflects the long-standing 'general principle of the highest

6    importance to the proper administration of justice that a judicial officer, in exercising the

7    authority vested in him, shall be free to act upon his own convictions, without apprehension of

8    personal consequences to himself.' "   Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th

9    Cir. 2004) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871)).   This judicial immunity

10   insulates judges from suits brought under section 1983.  Olsen, 363 F.3d at 923.

11   Absolute judicial immunity insulates the judge from actions for damages due to judicial

12   acts taken within the jurisdiction of the judge's court.  Ashelman v. Pope, 793 F.2d 1072, 1075

13   (9th Cir. 1986).  "Judicial immunity applies 'however erroneous the act may have been, and

14   however injurious in its consequences it may have proved to the plaintiff.' "   Id. (quoting

15   Cleavinger v. Saxner, 474 U.S. 193 (1985)).  However, a judge is not immune where he acts in

16   the clear absence of jurisdiction or for acts that are not judicial in nature.  Ashelman, 793 F.2d at

17   1075.  Judicial conduct falls within "clear absence of all jurisdiction," where the judge "acted

18   with clear lack of all subject matter jurisdiction."  Stone v. Baum, 409 F.Supp.2d 1164, 1174 (D.

19   Ariz. 2005).

20   To determine if an act is judicial in nature, the court considers whether (1) the precise act

21   is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy

22   centered around a case then pending before the judge; and (4) the events at issue arose directly

23   and immediately out of a confrontation with the judge in his or her official capacity.  Duvall v.

24   Cty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11,

25   2001) (quoting Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir. 1999)).

26   Here, it appears Plaintiff is bringing suit against judicial officers for actions taken in their

27   judicial capacities over which they have jurisdiction.

28   ///

## IV.

### CONCLUSION AND ORDER

Plaintiff has failed to state a cognizable claim for a violation of his federal rights in this action.  Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order.  <u>See</u> <u>Lopez</u>, 203 F.3d at 1127.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      The Clerk of the Court shall send Plaintiff a civil rights complaint form;

2.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order;

3.      The first amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

4.      If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 14, 2022**

UNITED STATES MAGISTRATE JUDGE