# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. AUSTIN, | Case No. 1:22-cv-00252-DAD-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| STATE OF CALIFORNIA, et al., | (ECF No. 7) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.

## INTRODUCTION

On March 1, 2022, Gregory A. Austin ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 15, 2022, the Court screened Plaintiff's complaint and granted Plaintiff thirty days to file a second amended complaint  (ECF No. 6.)  Currently before the Court is Plaintiff's first amended complaint, filed on May 6, 2022.  (ECF No. 7.)  For the reasons discussed herein, it is recommended that Plaintiff's complaint be dismissed for failure to state a cognizable claim.

## II.

## SCREENING REQUIREMENT

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court

1 | determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which
2 | relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from
3 | such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)
4 | (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners);
5 | Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis
6 | proceedings which seek monetary relief from immune defendants); Cato v. United States, 70
7 | F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis
8 | complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998)
9 | (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to
10 | screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii)
11 | fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a
12 | defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

13 |     In determining whether a complaint fails to state a claim, the Court uses the same
14 | pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a
15 | short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R.
16 | Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the
17 | elements of a cause of action, supported by mere conclusory statements, do not suffice."
18 | Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
19 | 544, 555 (2007)).

20 |     In reviewing the pro se complaint, the Court is to liberally construe the pleadings and
21 | accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89,
22 | 94 (2007). Although a court must accept as true all factual allegations contained in a complaint,
23 | a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A]
24 | complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops
25 | short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting
26 | Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for
27 | the court to draw the reasonable conclusion that the defendant is liable for the misconduct
28 | alleged. Iqbal, 556 U.S. at 678.

### III.

### COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff appears to state he has already brought actions related to the alleged claims to this district, the Ninth Circuit, and the United States Supreme Court, and he is now suing all of the previous courts he has dealt with.  (First Am. Compl. ("FAC") 2,[1] ECF No. 7.)  In addition to stating he is suing the State of California and the United States of America (FAC at 1), Plaintiff appears to also name the following as Defendants: (1) "Judges"; (2) Tammy Miller, identified as a physical therapist; (3) Martin Austin, identified as an "alleged LGBTQ K-5 Instructor?"; (4) "the Judiciary"; and (5) Susan Tollor, identified as a retired divorce attorney.  (FAC at 2-3.)

Under Claim 1 of the complaint form, the form identifies potential claims as "right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, [and] freedom from cruel and unusual punishment."  (FAC at 3.)  Plaintiff has circled all of these suggested claims, stating "all of the above listed rights," in addition to alleging claims for false imprisonment, slavery, child endangerment, real estate fraud, armed robbery, and criminal negligence.  (FAC at 3.)  When asked to provide supporting facts in the form, Plaintiff appears to direct the Court to the attached petition, in addition to stating he was served with another restraining order but he did nothing wrong, and that he is the victim.  (FAC at 3.)  Plaintiff also appears to claim he was wrongly convicted of violence when he was attacked; that he was tortured as a political prisoner, "while not in custody"; that he has been enslaved to send money to his attackers; that he was abandoned by the authorities; that he was slandered; that he has been denied a fair hearing; and that he now has an illness that could have been prevented if he was not forced into homelessness.  (FAC at 4-5.)

By way of relief, Plaintiff requests: return of his stolen property; restoration of his healthcare; to be relieved from a restraining order; to restore his money; to investigate his

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.  The Court may alter the capitalization when quoting Plaintiff herein.

offenders; to enforce a home sale; to certify a claim for review by the United States Supreme Court; and to authorize the safe use of his firearms.  (FAC at 5.)

Plaintiff attaches a 28 page petition for judicial malpractice naming what appears to be 22 different judges and Supreme Court Justices.  (FAC at 6.)  The document appears to be largely focused on Plaintiff's complaints about the California family law system, civil restraining orders as related to California divorce community property law, the "divorce industry racket" and his RICO and civil claims against it, child support, and generally avers to grievances over a number of years as related to family law legal issues that occurred in California State courts, and subsequent requests for review by the Plaintiff in federal courts.

## IV.

## DISCUSSION

### A.    Rule 8

As set forth above, Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint must contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-77.  A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose, confusing and conclusory."  Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981); Brosnahan v. Caliber Home Loans, Inc., 765 F. App'x 173, 174 (9th Cir. 2019).  Additionally, a court may dismiss a complaint for failure to comply with Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely irrelevant."  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

The Court finds that Plaintiff's complaint violates Rule 8(a).  Plaintiff's complaint is not a short and plaint statement of his claims against specific named Defendants.  Although the Federal Rules employ a flexible pleading policy, Plaintiff must give fair notice to the Defendants and must allege facts that support the elements of the claim plainly and succinctly.

The requirement of a clear and plain statement of Plaintiff's claims is especially

important in this case because this Court does not serve as an appellate court of state court decisions.  If Plaintiff wishes to challenge a decision from a state court regarding divorce or child custody/support proceedings, he must pursue the appropriate procedures in state court (which may be subject to time limitations and other rules).

### B.  The Rooker-Feldman Doctrine

Under the Rooker-Feldman doctrine, a party may not seek appellate review in federal court of a decision made by a state court.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).  Typically, the Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the losers' federal rights.  Doe v. Mann, 415 F.3d 1038, 1041-42 (9th Cir. 2005); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (the Rooker-Feldman doctrine precludes a district court from appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced[.]").  Accordingly, the district court lacks jurisdiction over "claims . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling."  Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003) (citing Feldman, 460 U.S. at 483, 485); see, e.g., Moore v. County of Butte, 547 Fed. Appx. 826, 829 (9th Cir. 2013) (finding a plaintiff's claims challenging the outcome of custody proceedings were properly dismissed); Rucker v. County of Santa Clara, State of California, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (finding the plaintiff's claims were "inextricably intertwined" with the state court's rulings where the plaintiff "challenge[d] his original child support order on jurisdictional grounds, dispute[d] his total child support arrearages, and allege[d] that Santa Clara County's garnishment order against his disability benefits payments is invalid"); see also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming the district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in

1  [the plaintiff's] domestic [divorce] case").

2       To the extent Plaintiff is asking this Court to review orders issued by the state court in

3  relation to his divorce or child custody/support proceedings, under the <u>Rooker-Feldman</u> doctrine,

4  this Court lacks jurisdiction to review and reverse a state court's decision.  Accordingly, any

5  claim seeking to review or reverse the state court orders pertaining to his divorce or child

6  custody/support proceedings cannot proceed in this Court.

7       **C.**    **Judicial Immunity**

8       Absolute judicial immunity is afforded to judges for acts performed by the judge that

9  relate to the judicial process.  <u>In re Castillo</u>, 297 F.3d 940, 947 (9th Cir. 2002), as amended

10  (Sept. 6, 2002).  "This immunity reflects the long-standing 'general principle of the highest

11  importance to the proper administration of justice that a judicial officer, in exercising the

12  authority vested in him, shall be free to act upon his own convictions, without apprehension of

13  personal consequences to himself.' "  <u>Olsen v. Idaho State Bd. of Med.</u>, 363 F.3d 916, 922 (9th

14  Cir. 2004) (quoting <u>Bradley v. Fisher</u>, 13 Wall. 335, 347 (1871)).  This judicial immunity

15  insulates judges from suits brought under section 1983.  <u>Olsen</u>, 363 F.3d at 923.

16       Absolute judicial immunity insulates the judge from actions for damages due to judicial

17  acts taken within the jurisdiction of the judge's court.  <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1075

18  (9th Cir. 1986).  "Judicial immunity applies 'however erroneous the act may have been, and

19  however injurious in its consequences it may have proved to the plaintiff.' "  <u>Id.</u> (quoting

20  <u>Cleavinger v. Saxner</u>, 474 U.S. 193 (1985)).  However, a judge is not immune where he acts in

21  the clear absence of jurisdiction or for acts that are not judicial in nature.  <u>Ashelman</u>, 793 F.2d at

22  1075.  Judicial conduct falls within "clear absence of all jurisdiction," where the judge "acted

23  with clear lack of all subject matter jurisdiction."  <u>Stone v. Baum</u>, 409 F.Supp.2d 1164, 1174 (D.

24  Ariz. 2005).

25       To determine if an act is judicial in nature, the court considers whether (1) the precise act

26  is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy

27  centered around a case then pending before the judge; and (4) the events at issue arose directly

28  and immediately out of a confrontation with the judge in his or her official capacity.  <u>Duvall v.</u>

1  <u>Cty. of Kitsap</u>, 260 F.3d 1124, 1133 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11,

2  2001) (quoting <u>Meek v. County of Riverside</u>, 183 F.3d 962, 967 (9th Cir. 1999)).

3        Here, it appears Plaintiff is bringing suit against judicial officers for actions taken in their

4  judicial capacities over which they have jurisdiction.  Further, this Court has no jurisdiction or

5  authority to review a decision of the Ninth Circuit or the United States Supreme Court.

6  **V.**

7  **CONCLUSION AND RECOMMENDATION**

8        Plaintiff has failed to state a cognizable claim for a violation of his federal rights in this

9  action.

10        Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's first amended

11  complaint filed May 6, 2022 (ECF No. 7), be DISMISSED for failure to state a cognizable claim.

12        This findings and recommendations is submitted to the district judge assigned to this

13  action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen**

14  **(14) days** of service of this recommendation, Plaintiff may file written objections to this findings

15  and recommendations with the court.  Such a document should be captioned "Objections to

16  Magistrate Judge's Findings and Recommendations."  The district judge will review the

17  magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

18  Plaintiff is advised that failure to file objections within the specified time may result in the

19  waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing

20  <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

21

22  IT IS SO ORDERED.

23  Dated:  __**May 13, 2022**__

                                                  UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28